DECISION
Plaintiff appeals the real market value and real market exception value of its property identified as Account 1731783 for the 2006-07 tax year. This matter is before the court on Janice C. Schlaadt's Affidavit and the parties' signed Stipulation, filed June 13, 2008. Janice C. Schlaadt is Plaintiff's trustee and referred to herein as taxpayer.
 I. STATEMENT OF FACTS
Taxpayer's affidavit states that for 16 months, beginning November 2005 until the date of her husband's death, January 6, 2007, she and her children cared for her husband who, in December 2005, was diagnosed with a brain tumor. From the time taxpayer received her property tax statement in October 2006 through the time she could have filed a property tax appeal with the board of property tax appeals (BOPTA), taxpayer struggled with the imminent death of her husband. Taxpayer believes that she and her husband "have good and sufficient cause for not filing a timely 2006-07 property tax appeal." (Schlaadt Aff at 2.)
 II. ANALYSIS
The parties agree that the court's jurisdiction, if any, to hear Plaintiff's appeal is found in ORS 305.288(3)[1] which provides: *Page 2 
 "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."
The parties agree that Plaintiff has no statutory right of appeal remaining. The term "good and sufficient cause" is defined in ORS305.288(5)(b) as follows:
 "`Good and sufficient' cause:
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b)(A) sets forth a two part test. First, good and sufficient cause is "an extraordinary circumstance that is beyond the control of the taxpayer." Id. Second, the statute requires a causal connection. In the case before the court, the two part test is met. Taxpayer's husband was bedridden and unable to handle family financial matters, including filing a petition to protest the real market value of their home. Taxpayer's husband's illness was beyond taxpayer's control and his illness prevented her from pursuing her "statutory right of appeal" because her husband became more dependent on her for his care and, in her words, "all of us `lived in a fog,'" which was most dense during the last few months of his life. (Schlaadt Aff at 2.) The court concludes that taxpayer had good and sufficient cause for failing to file a timely property tax appeal. *Page 3 
 III. CONCLUSION
Because the court concludes that it has jurisdiction, the court can accept the parties signed stipulation. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal meets the statutory requirements of ORS 305.288(3);
IT IS FURTHER DECIDED that the parties stipulate to the following values for Account 1731783:
Real Market Value (RMV):
Land: $112,800 Improvements: $457,200 Total RMV: $570,000
Exception RMV:
New Construction: $457,200 On-site Development: $ 10,017; and
IT IS FURTHER DECIDED that Defendant shall correct the assessment and tax rolls to reflect the above values. Any refund due following this correction is to be promptly paid with statutory interest.
Dated this day of June 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJune 20, 2008. The Court filed and entered this document on June 20,2008.
[1] All references to Oregon Revised Statutes (ORS) are to year 2005. *Page 1